```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENA TUCKER OUDORN,

                Plaintiff,

-against-

ANTHONY JASON TUCKER,

                Defendant.

1:25-cv-1442-MKV

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff brings this action, *pro se*, and has paid the filing fees. The Complaint purportedly invokes this Court's federal question jurisdiction asserts but only alleges that Defendant caused damage to her California home. [ECF No. 1, ("Compl.")]. For the following reasons, the Court dismisses the complaint for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, a resident of California, alleges that Defendant, another resident of California, caused various damages to a home, located in California, that they co-owned together. *See* Compl. at I(A), III. Plaintiff alleges that Defendant caused flood damage to the downstairs flooring and other rooms upstairs, demolished the door handle of the front door, and broken multiple windows. *See* Compl. at III. Plaintiff further alleges that she paid to fix all the damages that Defendant caused which resulted in $43,229.48 in damages. *See* Compl. at III.

The Court issued an Order To Show Cause directing Plaintiff to file a letter showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction. [ECF No. 4]. Plaintiff was required to respond to the Court's Order To Show Cause on or before May 9, 2025 and warned Plaintiff that "**[f]ailure to comply with the Court's Orders or deadlines . . . may result in sanctions, including . . . dismissal . . . .**" [ECF No. 4]. Plaintiff failed to respond.

1

Thereafter, the Court issued a second Order To Show Cause on May 12, 2025 that required Plaintiff to file a letter showing cause why this cause should not be dismissed for lack of federal subject matter jurisdiction on or before May 26, 2025. [ECF No. 5]. The Court once again cautioned Plaintiff that "**failure to respond to this Order on or before May 26, 2025 may result in dismissal.**" [ECF No. 5]. No response was filed.

On May 27, 2025 the Court issued a third Order To Show Cause directing Plaintiff to file a letter on or before June 24, 2025 showing cause why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Orders and why this case should not be dismissed for lack of federal subject matter jurisdiction. Again, the Court warned Plaintiff **"that failure to respond to this Order on or before June 24, 2025 may result in dismissal."** [ECF No. 6]. As of the date of this Order Plaintiff has not responded to any of the Court's Orders.

## LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). " '[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.' " *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative."). And "[a] district court may dismiss a complaint sua sponte 'so long as the plaintiff is given notice and an opportunity to be heard.'" *Byvalets v. 1053 Owners Corp.*, No. 22-2766, 2023 WL 8643139, at *1 (2d Cir. Dec. 14, 2023) (summary order) (quoting *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)). Additionally, "the Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that" the "Court lacks subject matter jurisdiction." *Ezekwo v. St. Phillip Neri, Cath. Church*, No. 22-CV-8332, 2023 WL 208172, at *1 (S.D.N.Y. Jan. 13, 2023) (citing *Ruhrgas AG*, 526 U.S. at 583).

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). The Court must liberally construe submissions of a *pro se* litigant and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). "Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Clarkes v. L. Offs. of Michael G. Hughes*, No. 17-CV-00961, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018); *see also Logan* v. *Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (summary order) (citing *Meadows* v. *United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020), and *Cooke* v. *United States*, 918 F.3d 77, 80 (2d Cir. 2019)) ("[A] *pro se* plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.").

## **DISCUSSION**

Here, the Court lacks federal question jurisdiction to consider this action. To invoke federal question jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Here, Plaintiff's allegations, *i.e.* Defendant caused property damage to her property, do not suggest a viable federal cause of action and instead her claims arise solely under state law.  The Court therefore lacks federal question jurisdiction in this action.

Additionally, although Plaintiff does not invoke diversity jurisdiction in the Complaint, construing construe her *pro se* submission broadly and interpreting it "to raise the strongest arguments," *Triestman*, 470 F.3d at 474, the Court also considers whether there is diversity jurisdiction here.  The diversity statute, Title 28 United States Code Section 1332, provides in relevant part that diversity jurisdiction exists over actions "where the matter in controversy exceeds the sum or value of $75,000", and is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Here, the Complaint alleges that Plaintiff suffered property damage totaling totaled $43,229.48 and that she and Defendant are both citizens of California.  *See* Compl. at II, III.  Thus, the Court also lacks diversity jurisdiction in this action.

The Court promptly alerted Plaintiff to the deficiencies with respect to subject matter jurisdiction in the Complaint and provided Plaintiff three separate opportunities to be heard on the issue.  Plaintiff has failed to respond to the Court's three Orders To Show Cause with respect to the apparent lack of subject matter jurisdiction in this action and thus at this point dismissal of the Complaint is appropriate. *See Byvalets*, 2023 WL 8643139, at *1 (concluding that a "district court may dismiss a complaint sua sponte" if the Court provided plaintiff with "notice and an opportunity to be heard"); *cf. Brookins v. Figuccio*, No. 22-731-CV, 2023 WL 2579043, at *2 (2d Cir. Mar. 21, 2023) (reversing district court for sua sponte dismissal because it did not first alert the Plaintiff, solicit his response, and invite him to correct the defects). Accordingly, for the reasons set forth

above, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Alternatively, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court finds that all *Lucas* factors weigh in favor of dismissal. For more than four months, Plaintiff has failed to appear and failed to comply with several orders. Courts in this District have routinely dismissed cases for similar spans of noncompliance. *See, e.g., Massey v. City of New York*, No. 20-CV-7622, 2022 WL 4384082, at *2 (S.D.N.Y. Sept. 22, 2022) (five months); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503, 2021 WL 5087923, at *2 (S.D.N.Y. Nov. 2, 2021) (five months); *Seth v. City of New York*, No. 1:19-CV-01960, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal"); *Chavis v. City of New York*, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (four months). The second factor weighs in favor of dismissal here because as the Court outlined above Plaintiff repeatedly has been warned

5

that failure to prosecute her case and/or comply with this Court's orders may result in dismissal. [ECF Nos. 4, 5, 6]; *see Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (affirming dismissal for failure to prosecute where the court "indisputably gave notice" to the plaintiff that the case would be dismissed for "future transgressions"). Despite these repeated warnings, Plaintiff did not comply. The third and fourth factors also weigh in favor of dismissal. It prejudices Defendant and burdens the Court to maintain this action on the Court's docket indefinitely in the hope that further urging from the Court will prompt Plaintiff to reappear and prosecute her case. *See Davison v. Grillo*, No. 5-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

The final factor weighs in favor of dismissal because the Court has considered lesser sanctions. However, Plaintiff's history of warnings of lesser sanctions and non-compliance make clear that lesser sanctions would be ineffective. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (finding it was unclear that a "lesser sanction" would have proved effective because plaintiff failed to respond to notice threatening dismissal); *Ottey v. Dep't of Homeland Sec.*, No. 19-CV-07503, 2021 WL 5087923, at *3 (S.D.N.Y. Nov. 2, 2021) ("Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective."). Therefore, in addition to dismissal for lack of subject matter jurisdiction, the Court also finds dismissal is appropriate here for failure to prosecute

## **CONCLUSION**

Accordingly, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction and for failure to prosecute. The Clerk of Court is respectfully requested to close this case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good

6

faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated: New York, NY**
     **August 4, 2025**

                                            _____
                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**